George Meyer, trading as George Meyer & Company, Appellee, v. Western Cold Storage Company, Appellant.

### Gen. No. 22,719.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917.

### Statement of the Case.

Action by George Meyer, trading as George Meyer & Company, plaintiff, against Western Cold Storage Company, a corporation, defendant, to recover damages for alleged negligence of defendant in the care and handling of certain poultry stored by plaintiff with defendant in defendant's warehouse. From a judgment for plaintiff for $735.09, defendant appeals.

CULVER, ANDREWS, KING & COOK, for appellant.

BRADLEY, HARPER & EHEIM, for appellee; SAMUEL A. HARPER, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. WAREHOUSEMEN, § 27*—*when evidence sufficient to show that injury to poultry occurred during storage.* In an action against a warehouseman for alleged negligence in the handling and storage of poultry, evidence *held* to show that the poultry in question was in good condition when delivered to defendant for storage in defendant's warehouse and that the defective condition in which it was found on redelivery to the plaintiff, whatever its cause, occurred during the time it was in defendant's possession.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Village of La Grange v. Indiana Harbor Belt R. Co., 204 Ill. App. 457.

2. WAREHOUSEMEN, § 28*—*when negligence in handling and care of poultry is question of fact.*  In an action to recover damages for alleged negligence in the handling and care of poultry stored in defendant's warehouse, where the poultry was in good condition when delivered to the defendant and in bad condition when redelivered to plaintiff, *held* that the question of defendant's negligence was a question of fact.

3. WAREHOUSEMEN, § 27*—*what constitutes prima facie case of negligence.*  Where personal property and merchandise generally was shown to have been in good condition when delivered to a bailee for storage and in bad condition when redelivered to the bailor, *held* that a prima facie case of negligence on the part of the bailee was made out, in an action to recover damages because of such condition on redelivery, notwithstanding such property and merchandise consisted of perishable goods.